

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erica Christine Gittens, | No. CV-25-04334-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Navy Federal Credit Union, et al., | |
| Defendants. | |

Before the Court is Defendant Navy Federal Credit Union's Notice of Removal (Doc. 1). The Court reviews this matter *sua sponte*, pursuant to its independent obligation to assess whether subject matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

**I.   BACKGROUND**

Plaintiff Erica C. Gittens filed this action in the Arizona Superior Court in Maricopa County on October 16, 2025, under case number CV2025-029726. (Doc. 1 at 1.) Ms. Gittens alleges that Navy Federal wrongfully enforced a discharged promissory note, interfered with perfected security interests, and converted collateral despite full performance. (Doc. 1-1 at 8.) On November 19, 2025, Navy Federal removed to this Court. (Doc. 1.)

The asserted basis for removal is diversity jurisdiction. (*Id.* at 2.) Ms. Gittens is a resident of Glendale, Arizona, seeking damages in excess of $417,500. (*Id.*) Navy Federal is a federally chartered credit union headquartered in Vienna, Virginia. (*Id.*)

## II. LEGAL STANDARD

Federal courts possess limited jurisdiction and only have "that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation modified). As such, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp.*, 559 U.S. at 94. A federal court, therefore, "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") "The defendant has the burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met." *Cnty. Of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022). Removal jurisdiction is construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

Diversity jurisdiction is found in 28 U.S.C. § 1332, which grants courts authority to hear cases arising under state law only where there is complete diversity of the parties, and the statutory amount-in-controversy (over $75,000) is satisfied. 28 U.S.C. § 1332(a)(1). This means that no defendant can be a resident of the same state as any plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

## III. DISCUSSION

On review of the jurisdictional allegations of the complaint, the Court finds that this action must be dismissed for lack of subject matter jurisdiction. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (holding that a district court may *sua sponte* dismiss an action for lack of subject matter jurisdiction without notice and an opportunity to respond).

Navy Federal is a federally chartered credit union. (Doc. 1 at 2.) A "corporation chartered pursuant to an Act of Congress with activities in different states . . . [is] not a citizen of any state for diversity jurisdiction purposes." *Bankers' Trust Co. v. Texas & Pac. Ry., Co.*, 241 U.S. 295, 309-10 (1916). Although the Ninth Circuit has not squarely addressed the question of whether federally chartered credit unions are citizens of any state,

it has held that there is no subject matter jurisdiction under 28 U.S.C. § 1332 over the Federal Savings and Loan Insurance Corporation because, as an instrumentality of the federal government, the FSLIC was not a citizen of any state. *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974). Otherwise, diversity jurisdiction would extend to almost all suits involving federally chartered corporations. *Id.*; *see also Fed. Deposit Ins. Corp. V. Nat'l Sur. Corp.*, 345 F. Supp. 885, 888 (S.D. Iowa 1972).

In light of *Hancock*, courts in the Ninth Circuit find that a federal credit union is not considered a citizen of any particular state for the purpose of establishing diversity of citizenship. *See Pierson v. Alaska USA Fed. Credit Union*, No. 19-CV-1685-RAJ, 2020 WL 747857 (W.D. Wash. Feb. 14, 2020); *Gilpin v. CU Capital Market Solutions, LLC*, No. 20-CV-00589-MMD-WGC, 2021 WL 4150933 (D. Nev. Sept. 10, 2021) (explaining that "*Hancock* implicitly rejected application of the principal place of business analysis to federally chartered entities").[*] They reason that permitting diversity jurisdiction "would contravene the statute's primary purpose to reduce the caseload in the federal courts." *Pierson*, 2020 WL 747857 at *2 (citing S. Rep. No. 1830 (1983)). Moreover, legislation providing state citizenship for certain federally chartered corporations would be superfluous if § 1332(c) already applied to federally chartered corporations. *Id.*

Navy Federal is a federally chartered credit union, so the Court concludes that it is not a citizen of any state for purposes of establishing diversity jurisdiction. The court lacks subject matter jurisdiction over this action.

## IV.   CONCLUSION

Because subject matter jurisdiction is lacking, the Court must remand the case to the Arizona Superior Court in Maricopa County. *See* 28 U.S.C. § 1447(c) ("If at any time

---

[*] A district court in the Ninth Circuit found that Navy Federal is a citizen of its principal place of business. *Lloyd v. Navy Fed. Credit Union*, No. 17-CV-1280-BAS-RBB, 2019 WL 2269958, at *9-14 (S.D. Cal. May 28, 2019). But the court made its finding from a posture much different than here. There, the case proceeded to final approval of a class action settlement after the court previously assumed jurisdiction. *Id.* At final approval, the court declined "to depart from its earlier assumption that diversity jurisdiction exists." *Id.* at 14.

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** directing the Clerk of Court to remand this case back to the Arizona Superior Court in Maricopa County.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 2nd day of December, 2025.

Michael T. Liburdi
United States District Judge